IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NICHOLAS CORTEZ ADDISON                                                    PLAINTIFF

v.                                    NO. 3:15-cv-00163 PSH

JOEY MARTIN, Jail Administrator,                                           DEFENDANT
Poinsett County Detention Center

MEMORANDUM OPINION AND ORDER

INTRODUCTION. The lone defendant in this case, Joey Martin ("Martin"), has filed the pending motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). See Document 42.[1] For the reasons that follow, the motion is granted. The complaint filed by plaintiff Nicholas Cortez Addison ("Addison") is dismissed, all requested relief is denied, and judgment will be entered for Martin.

---

[1]

Rule 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." In Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006), the Court of Appeals stated the following with regard to such a motion:

> When evaluating a motion for judgment on the pleadings, a court must accept as true all factual allegations set out in the complaint and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor. … Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law."

If matters outside the pleadings are presented and not excluded by the court, the motion should be treated as one for summary judgment pursuant to Rule 56. See Federal Rule of Civil Procedure 12(d). In this instance, though, matters outside the pleadings have not been presented.

PLEADINGS. The record reflects that Addison commenced the case at bar by filing a complaint pursuant to 42 U.S.C. 1983 and joining Martin. In the complaint, Addison alleged that he was offered a "bribe" by Martin, the terms of which were that if Addison stopped filing lawsuits, Martin would arrange for Addison's brother to be placed in a cell with Addison.

Martin eventually filed the pending motion for judgment on the pleadings. In the motion, he maintained that the complaint should be dismissed because Addison has failed to allege the violation of a constitutional right. It was Martin's position that Addison had no right to his choice of cells and a "cell assignment is within the discretion of the detention administrator …." See Document 42 at CM/ECF 1.

Addison was accorded an opportunity to file a response to the motion for judgment on the pleadings, and he took advantage of that opportunity. In his response, he alleged the following:

> … Joey Martin, Jail Administrator, approached me, Nicholas Addison, with the offer to have my brother moved into the cell with me if I would quit filing lawsuits.
>
> …
>
> If this matter is allowed to proceed to trial, the Plaintiff will seek to show that Defendant Joey Martin has resorted to extortion and/or bribery to stop him from enforcing his First and Fourteenth Amendment rights of Due Process and petitioning the courts for redress of grievances.

See Document 45 at CM/ECF 1-2.

FACTS. The Court accepts as true the factual allegations contained in Addison's complaint, construing his complaint in the light most favorable to him and drawing all inferences in his favor. Because he is proceeding pro se, the Court also accords his allegations a liberal construction. Having done so, the Court finds the following facts:

1. Martin is the Jail Administrator at the Poinsett County, Arkansas, Detention Center ("Detention Center"). See Document 2 at CM/ECF 1, 4.

2. Addison was housed at the Detention Center at some point prior to June 4, 2015, and had been filing lawsuits. See Document 2 at CM/ECF 4.[2]

3. On June 4, 2015, he was housed in a "detox cell" at the Detention Center. See Document 2 at CM/ECF 4.

4. Addison's brother was housed elsewhere at the Detention Center. See Document 2 at CM/ECF 4.

5. On June 4, 2015, Martin spoke with Addison and offered the following proposal: if Addison would stop filing lawsuits, Martin would arrange for Addison's brother to be housed in the same cell with Addison. See Document 2 at CM/ECF 4.

6. Addison rejected the proposal, noting that he had the right to file whatever he wished if he believed his rights were being violated. See Document 2 at CM/ECF 4.

7. Addison's brother was not moved to Addison's cell, see Document 2 at CM/ECF 4, and it does not appear that the brothers have ever been housed in the same cell.

---

[2] It is not clear from the record what issues Addison had been litigating or the identity of the defendants he had joined in the litigation.

ANALYSIS. 42 U.S.C. 1983 provides no substantive rights. See Albright v. Oliver, 510 U.S. 266 (1994). It simply provides a remedy for the violation of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Thus, a plaintiff is obligated to identify a right, privilege, or immunity that has allegedly been violated by the defendant. See West v. Atkins, 487 U.S. 42 (1988).

Addison alleges that he rejected Martin's proposal because Addison has a constitutional right to petition the courts for a redress of his grievances. Addison objects, though, to the fact that he has never shared a cell with his brother. The Court finds that Addison's claim warrants no relief, and Martin is entitled to judgment as a matter of law. The Court so finds because Addison has failed to allege the violation of a right, privilege, or immunity secured by the Constitution or laws of the United States.

Martin construes Addison's complaint to contain allegations that "[Addison] was not allowed to occupy the same cell as his brother" and "his brother was not placed in [Addison's] cell because [Addison had] filed grievances." See Document 43 at CM/ECF 2. To the extent Martin's construction of Addison's complaint is reasonable, the complaint warrants no relief because Addison has no constitutional right to his choice of cells. See Lyon v. Farrier, 727 F.2d 766 (8th Cir. 1984) (prisoner has no constitutional right to a choice of cells). The assignment of a cell is typically reserved to jail administrators, and Addison does not allege that the assignment of a cell in this instance was made on the basis on some improper classification.

It is also possible to construe Addison's complaint to contain an allegation that Martin's proposal was harassing and made in an attempt to dissuade Addison from filing other lawsuits or, alternatively, that Martin's proposal implied some threat of future adverse consequences in retaliation for Addison's filing of lawsuits. To the extent this construction of Addison's complaint is reasonable, the complaint warrants no relief for two reasons.

First, verbal threats are typically not actionable under 42 U.S.C. 1983 and do not become so unless they are deemed to be "terrorizing." See McDowell v. Jones, 990 F.2d 433 (8th Cir. 1993) [citing Burton v. Livingston, 791 F.2d 97 (8th Cir. 1986) (threatening words of prison guard, without more, do not invade federally protected right, but such words do so when guard "terrorized" prisoner with threats of death)]. The Court finds as a matter of law that Martin's proposal was not "terrorizing," particularly since he never threatened or otherwise suggested or implied some adverse consequence if Addison rejected the proposal.

Second, conduct that retaliates against the exercise of a constitutionally protected right–like the right to petition the courts for a redress of grievances–is actionable, "even if the conduct would have been proper if motivated by a different reason." See Cody v. Weber, 256 F.3d 764 (8th Cir. 2001). A retaliation claim requires the plaintiff to show, inter alia, that the defendant responded with "adverse action that would 'chill a person of ordinary firmness' from continuing in the activity." See Williams v. Smith, 2012 WL 3815676, 7 (W.D.Ark. 2012) (Marschewski, M.J.), report and recommendation adopted

at 2012 WL 3818282 (W.D.Ark. 2012) (Hickey, J.). In this instance, Martin did not threaten or otherwise suggest or imply retaliation if Addison rejected the proposal. Martin did not retaliate against Addison after he rejected the proposal, and Addison does not allege that he has been unable to pursue his right of access to the courts. The only adverse action of any type that Addison identifies is that he is not being housed with his brother. As the Court has noted, though, Addison has no right to a cell of his choice.

CONCLUSION. Given the foregoing, there is no genuine dispute as to any material fact. Martin is entitled to judgment as a matter of law, and his motion for judgment on the pleadings is therefore granted. Addison's complaint is dismissed, all requested relief is denied, and judgment will be entered for Martin. The dismissal of Addison's complaint counts as a "strike" for purposes of 28 U.S.C. 1915(g), and the Court certifies that an in forma pauperis appeal taken from this memorandum opinion and order and the accompanying judgment is considered frivolous and not in good faith.

IT IS SO ORDERED this 4th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE